NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APARNA VASHISHT-ROTA, an
individual; pro se allowed to efile,

Plaintiff - Appellant,

v.

Hon. Gen. SEAN D. REYES, Utah Attorney
General, an individual, and Utah Attorney
General in his official capacities; et al.

Defendants - Appellees,

and

STATE OF UTAH, et al.,

Defendants.

No. 24-7171

D.C. No. 3:22-cv-00978-AGS-KSC

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Aparna Vashisht-Rota appeals pro se from the district court's judgment dismissing her action alleging various federal and state law claims arising out of Utah state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P 12(b)(2) for lack of personal jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). We affirm.

The district court properly dismissed Vashisht-Rota's action for lack of personal jurisdiction because Vashisht-Rota failed to allege facts sufficient to establish that defendants had such continuous and systematic contacts with California as to establish general personal jurisdiction, or sufficient claim-related contacts with California to provide the court with specific personal jurisdiction over defendants. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020-25 (9th Cir. 2017) (discussing requirements for general and specific personal jurisdiction); *see also Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").

The district court did not abuse its discretion by denying Vashisht-Rota's motion for leave to amend the complaint or by dismissing without further leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment

would be futile).

All pending motions and requests are denied.

**AFFIRMED.**